UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM R., | |
| Plaintiff, | Case No. C24-5378-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating medical opinions, Plaintiff's testimony, and lay witness statements. (Dkt. # 9.) The Commissioner filed a response arguing the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 11.) Plaintiff filed a reply. (Dkt. # 12.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1971, has a high school education, and has worked as a logger, fin trimmer, and construction laborer. AR at 28, 212, 259. Plaintiff last received income in 2023 at less than a substantial gainful employment level. *Id.* at 19 (citing *id.* at 198).

Plaintiff applied for benefits in February 2021, with an amended alleged disability onset date of June 1, 2021. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on September 13, 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-29, 34-68.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff had the severe impairments of hypertension, aortic regurgitation status post valve replacement, lumber degenerative disc disease, right ankle osteoarthritis, right shoulder impairment status post arthroscopy, neuropathy, insomnia, obesity, and depressive disorder. AR at 19. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform simple, light work with additional postural limitations, occasional overhead reaching with the right arm, and frequent handling, fingering, and feeling. *Id.* at 21-22. While Plaintiff could not perform his past relevant work as a logger, the ALJ found Plaintiff could perform jobs that existed in significant numbers in the national economy and thus was not disabled. *Id.* at 28-29.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

---

[2] 20 C.F.R. § 404.1520.

ORDER - 2

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### IV. DISCUSSION

**A.    The ALJ Erred in Evaluating the Opinion of Shirley Deem, M.D.**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Dr. Deem examined Plaintiff on April 15, 2022, and opined Plaintiff could lift ten pounds and that his "standing and walking capacity" was "[a]t least two hours" per day, periodically alternating sitting and standing. AR at 960.

The ALJ interpreted Dr. Deem's opinion to mean Plaintiff "could stand a maximum of two hours" per day, alternating sitting and standing, and could lift ten pounds occasionally. *Id.* at 27. The ALJ found Dr. Deem's opinion unpersuasive because Plaintiff reported "helping fight wildfires" in October 2022 and Dr. Deem's examination showed full motor strength, muscle bulk, and tone in upper and lower extremities. *Id.* at 27 (citing *id.* at 960, 986).

Conflict with a claimant's activities may justify rejecting a medical opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, Plaintiff visited a health provider in October 2022 regarding respiratory symptoms, reporting "[h]e has been helping with wildfires and wonders if it's from breathing in the smoke." AR at 986. The Commissioner argues that "[f]ighting wildfires is a strenuous physical activity that does not allow an individual to alternate between sitting and standing." (Dkt. # 11 at 7.) Plaintiff did not report "fighting" wildfires, however. There is no indication of how Plaintiff helped with wildfires or whether he stood for more than two hours per day or lifted more than ten pounds in doing so. The Commissioner argues Plaintiff wore a hard hat, which suggests firefighting. (*Id.*) But the Commissioner appears to be conflating two different activities reported in one treatment note. Plaintiff's respiratory symptoms began two days before the appointment, possibly due to breathing in smoke, but he hit his head while wearing a hard hat the day before the appointment when working at home. AR at 986-87. This treatment note is not substantial evidence that Plaintiff engaged in firefighting.

Incongruity between a treating physician's opinion and her own medical records can be a valid reason for rejecting the opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

ORDER - 4

2008). Here, Dr. Deem found Plaintiff's "[s]trength is 5/5 upper and lower extremities." AR at 960. Dr. Deem diagnosed aortic valve replacement with regurgitation, hypertension, tendonitis of both hands, chronic low back pain, and right shoulder rotator cuff injury. *Id.* Dr. Deem's opinion was based on conditions unrelated to extremity strength and the ALJ does not otherwise explain how normal extremity strength contradicts her assessment. Accordingly, substantial evidence does not support the ALJ's rejection of Dr. Deem's opinion.

The Commissioner points to Dr. Deem's findings of intact sensation in fingers, normal reflexes, normal range of motion except for Plaintiff's shoulder, and no shortness of breath. (Dkt. # 11 at 7.) The ALJ did not rely on these findings, however, and thus the Commissioner's arguments are *post hoc* rationalizations that cannot be used to bolster the ALJ's decision after the fact. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

The ALJ provided no other reason to discount Dr. Deem's opinion. AR at 27. The Court concludes the ALJ erred by finding Dr. Deem's opinion unpersuasive.

**B.      The ALJ Erred in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, but whether the ALJ's reasoning is clear enough to have the power to convince. *Smartt*, 53 F.4th at 499.

The ALJ summarized Plaintiff's testimony of difficulty using his hands, anger issues, shortness of breath, and neuropathy symptoms. AR at 22. The ALJ then summarized the medical evidence (*id.* at 23-25), addressed medical opinions (*id.* at 25-27), and discounted Plaintiff's

ORDER - 5

testimony based on his treatment history, discrepancies with the record, benign objective findings, and successful conservative treatment (*id.* at 27). The ALJ also cited activities of "helping with the wildfires" and "repairing his house[.]" *Id.* at 27 (citing *id.* at 973, 986).

Activities that conflict with a claimant's testimony can be a valid reason to discount the testimony. *See Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022) (discrepancies between daily activities and testimony can support discounting testimony). Here, however, it is unclear how Plaintiff helped with wildfires and the ALJ did not explain what testimony this activity contradicted. This does not satisfy the ALJ's duty to specify which testimony is not credible and which evidence contradicts it. *Laborin*, 867 F.3d at 1155.

The ALJ cited to a treatment note indicating Plaintiff "state[d] that his pain and the stress of repairing their house causes him anger." AR at 973. Plaintiff testified he did not perform the repairs to his house. *Id.* at 50-51. Substantial evidence does not support a conclusion that Plaintiff physically repaired his house, and anger caused by the stress of dealing with house repairs is consistent with Plaintiff's testimony about anger issues. Inconsistency with activities was not a valid reason to discount Plaintiff's testimony.

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ did not specify which portions of the medical record contradicted which portions of Plaintiff's testimony. *See* AR at 27-28. The Commissioner summarizes the ALJ's findings on the medical record and argues in conclusory fashion that "the medical evidence was not entirely consistent with [Plaintiff's] allegations." (Dkt. # 11 at 2-3.) Neither the ALJ nor the Commissioner identifies medical evidence that actually contradicted Plaintiff's testimony. *Cf. Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is *inconsistent* with the

ORDER - 6

claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.") (emphasis original). The ALJ's finding was not supported by substantial evidence.

The ALJ did not provide a valid reason supported by substantial evidence to reject Plaintiff's testimony. The Court concludes the ALJ erred in discounting Plaintiff's testimony.

### C. Lay Witness Statement

In August 2021, Plaintiff's spouse submitted a Function Report. AR at 264-71. She reported that lifting more than 20 pounds caused Plaintiff breathing problems, his hands or fingers were always bent and thus lacked strength, Plaintiff could walk uphill for five minutes at most before needing to catch his breath, and he could not pay attention for very long. *Id.* at 269.

The ALJ did not address or mention Plaintiff's spouse's report. The Commissioner argues that under current regulations, ALJs are not required to articulate how they considered lay witness evidence, and in any case the ALJ's reasons for rejecting Plaintiff's testimony apply equally to his spouse's statements. (Dkt. # 11 at 4-6.) As discussed above, however, the ALJ did not supply valid reasons supported by substantial evidence to reject Plaintiff's testimony.

An ALJ must consider all "relevant evidence[.]" 20 C.F.R. § 404.1520b(b)(1). Under current regulations, whether the ALJ should provide written analysis about lay witness evidence depends on the circumstances of each case. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,850 (Jan. 18, 2017) ("Depending on the unique evidence in each claim, it may be appropriate for an adjudicator to provide written analysis about how he or she considered evidence from nonmedical sources[.]"). Regardless of the type of evidence, an ALJ may not reject "significant probative evidence" without explanation. *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995). This is because the agency must "set forth the reasoning behind its decision in a way that allows for meaningful review." *Brown-Hunter v.*

ORDER - 7

*Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Accordingly, the ALJ may not ignore lay witness testimony if it is significant and probative.

Here, Plaintiff's spouse's report corroborates much of Plaintiff's testimony, which, as discussed above, the ALJ must reevaluate on remand. In light of such reevaluation, the ALJ should consider whether the lay witness statement provides significant, probative evidence that should be addressed.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Dr. Deem's opinion, Plaintiff's testimony, and Plaintiff's spouse's statement; reassess the RFC as necessary; and proceed to step five as appropriate.

Dated this 24th day of October, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge